1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

11

### EASTERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

| | |
|---|---|
| STEPHEN GARCIA, | )    1:10-CV-00654 GSA HC |
|            Petitioner, | ) |
| | )    ORDER DISMISSING PETITION FOR WRIT |
| | )    OF HABEAS CORPUS |
|      v. | ) |
| | )    ORDER DIRECTING CLERK OF COURT |
| | )    TO ENTER JUDGMENT AND CLOSE CASE |
| | ) |
| | )    ORDER DECLINING ISSUANCE OF |
| FRESNO CORRECTIONAL DEPT., | )    CERTIFICATE OF APPEALABILITY |
| | ) |
|            Respondent. | ) |
| _____ | ) |

20

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

21

pursuant to 28 U.S.C. § 2254. He has returned his consent/decline form indicating consent to

22

Magistrate Judge jurisdiction.

23

      On January 12, 2010, Petitioner was convicted in the Fresno County Superior Court of

24

deterring police with threats of violence and possession of marijuana. (Pet. at 2.) On April 14, 2010,

25

Petitioner filed the instant federal petition for writ of habeas corpus.

26

**DISCUSSION**

27

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

28

of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

1   from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing

2   2254 Cases; <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). A federal court may only

3   grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation

4   of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a

5   prisoner to challenge the "legality or duration" of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574

6   (9th Cir. 1991), *quoting*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); Advisory Committee Notes

7   to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to

8   42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.

9   <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at

10   574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

11       In this case, Petitioner claims he is not being given the proper amount of food. Petitioner is

12   challenging the conditions of his confinement, not the fact or duration of that confinement. Thus,

13   Petitioner is not entitled to habeas corpus relief and this petition must be dismissed. Should

14   Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42

15   U.S.C. § 1983.

### CERTIFICATE OF APPEALABILITY

17       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

18   district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-</u>

19   <u>El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue

20   a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

21       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
district judge, the final order shall be subject to review, on appeal, by the court
22       of appeals for the circuit in which the proceeding is held.

23       (b) There shall be no right of appeal from a final order in a proceeding to test the
validity of a warrant to remove to another district or place for commitment or trial
24       a person charged with a criminal offense against the United States, or to test the
validity of such person's detention pending removal proceedings.

25

26       (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
appeal may not be taken to the court of appeals from–

27           (A) the final order in a habeas corpus proceeding in which the
detention complained of arises out of process issued by a State
28           court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment and close the case;

3) The Clerk of Court is DIRECTED to mail Petitioner forms for filing a civil rights action pursuant to 42 U.S.C. § 1983; and

4) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **May 5, 2010**            **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE